CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 2 2019

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAMERON DREW DICKERSON, | Civil Action No. 7:19CV00493 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad |
| GERALD DEMASTERS, et al., | Senior United States District Judge |
| Defendants. | |

Cameron Drew Dickerson, proceeding pro se, commenced this action by filing a form Complaint for a Civil Case Alleging Negligence against Gerald DeMasters, Erwin Fender, Jeffrey Horton, and Hospital Corporation of America-Virginia. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

## Background

The plaintiff is a resident of Christiansburg, Virginia. His form complaint indicates that he received treatment at Lewis Gale Medical Center in Salem, Virginia in July of 2017. The plaintiff alleges that Fender and Horton "refused to facilitate proper medical care," and that DeMasters refused to fill a prescription for contact lenses and engaged in other "unprofessional conduct." The plaintiff seeks to recover $21,000,000 for the individual defendants' alleged negligence.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal district courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Having reviewed the complaint, the court concludes that it must be dismissed for lack of subject matter jurisdiction. The form complaint invokes the court's diversity jurisdiction. However, the plaintiff has failed to demonstrate that complete diversity of citizenship exists between the parties as required by § 1332. To the contrary, the plaintiff states that all three

individual defendants are citizens of Virginia, and that the corporate defendant is incorporated under the laws of Virginia and has its principal place of business in the Commonwealth. Because the plaintiff is also a citizen of Virginia, diversity jurisdiction is lacking.

The complaint does not invoke the court's federal question jurisdiction. In any event, even under the most liberal construction, the plaintiff fails to state a plausible claim under any federal statutory or constitutional provision. Having determined that the complaint fails to state a claim under federal law and that diversity jurisdiction is lacking, it follows that the case must be dismissed.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for proceed in forma pauperis. However, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 12th day of July, 2019.

_____
Senior United States District Judge